**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kailey N. Ford | * | Case No. 2:16-cv-18 |
| 5760 Millbank Road, Apt. E. | | |
| Columbus, Ohio 43229 | * | |
| | | Judge: |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | | |
| | * | |
| | | **COLLECTIVE AND CLASS ACTION** |
| Carnegie Management Services, Inc. | * | **COMPLAINT** |
| 6161 Busch Blvd., Suite 324 | | |
| Columbus, Ohio 43229 | * | |
| | | |
| *Also serve the statutory agent* | * | **JURY DEMAND ENDORSED HEREON** |
| | | |
| Oye T. Olatoye | * | |
| 2272 Edgerton Rd. | | |
| University Hts., Ohio 44118 | * | |
| | | |
| & | * | |
| | | |
| McDonald's USA, LLC | * | |
| CSC-Lawyers Incorporating Service | | |
| (Corporation Service Company) | * | |
| 50 W. Broad St., Suite 1800 | | |
| Columbus, Ohio 43215 | * | |
| | | |
| Defendants. | * | |

Now comes Kailey Ford ("Class Plaintiff"), individually and on behalf of other members

of the general public similarly situated, for their Collective and Class Action Complaint against

Carnegie Management Services, Inc. ("CMSI") and McDonald's USA, LLC ("McDonald's")

(collectively referred to herein as "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111 ("Chapter 4111"), the Ohio Constitution Art. 2 § 34a, and 28 U.S.C. § 1331 and § 1343(a)(4).

2.      This Court's jurisdiction in the matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because the Class Plaintiffs entered into an employment relationship with Defendants in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## PARTIES

4.      The named Class Plaintiff, Kailey Ford, is an individual and United States citizen.

5.      The named Class Plaintiff is a resident of the State of Ohio.

6.      The named Class Plaintiff started working for Defendants in February, 2014 until December 23, 2015.

7.      The Class Plaintiff first worked as a Crew Member until she was promoted to Crew Leader at or around the beginning of 2015.  She was then promoted to Manager in Training in or around August, 2015.

8.      At all times relevant herein, the Class Plaintiff was an employee of Defendants as defined in the FLSA, 29 U.S.C. § 203(e), Chapter 4111, and Ohio Constitution Art. 2 § 34a.

9.      At all relevant times herein, the Class Plaintiff was an hourly non-exempt employee of Defendants as defined in the FLSA, Chapter 4111, and the Ohio Constitution Art. 2 § 34a.

10.     The Class Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Class Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

11.     Defendant Carnegie Management Services, Inc. ("CMSI") is an "employer" as that term is defined by the FLSA, Ohio Revised Code Chapter 4111, and Ohio Constitution Art. 2 § 34a.

12.     CMSI is an Ohio for-profit corporation with its principal place of business in the Northern District of Ohio, but the acts that give rise to this Complaint arose in the Southern District of Ohio.

13.     Defendant McDonald's is an "employer" as that term is defined by the FLSA, Ohio Revised Code Chapter 4111, and Ohio Constitution Art. 2 § 34a.  McDonald's is a foreign limited liability company doing substantial business in the Southern District of Ohio.

14.     Defendants were joint employers of the Class Plaintiff.  Defendant CMSI owned and operated the CMSI McDonald's franchise located at 6000 Sinclair Road, Columbus, Ohio 43229, and administered payroll for Defendants' employees.  Upon information and belief, Defendant CMSI also owned and operated at least three other McDonald's restaurants where all employees were subject to the same payroll policies and procedures.  Upon information and belief,

Defendant McDonald's assisted in administering payroll for CMSI and controlled other aspects of the Class Plaintiff's employment.

15.     At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

16.     Upon information and belief, Defendants jointly set and controlled the payroll practices for their employees.

17.     Upon information and belief, Defendants were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00

18.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

## CLASS ALLEGATIONS

19.     The Class Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class.  The class includes all hourly, non-exempt CMSI and McDonald's employees employed at any location owned and operated by CMSI, currently or formerly employed at any time during the previous three (3) years by Defendants, who received wages pursuant to Defendants' payroll policies, have not been paid in accordance with the provisions of the FLSA as a result of Defendants' policies, and have been damaged as a result.  The class includes:  (a) all hourly employees of Defendants at any location owned and operated by CMSI during the previous three (3) years who worked from 10:00 pm to 6:00 am ("Third Shift") in any workweek

and had 0.5 hours deducted from his/her compensable hours when Defendants knew that the employees continued to perform substantial duties for their employers' benefit during all times they were clocked in; (b) all of Defendants' hourly, non-exempt employees employed at any location owned and operated by CMSI who had their time cards fraudulently edited to reduce their compensable hours at any point during their employment; and (c) all hourly employees of Defendants during the previous three (3) years for whom Defendants failed to keep accurate payroll records as required by 29 U.S.C. § 211(c) of the FLSA. These individuals are referred to as the "216(b) Class."

20.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wage compensation, unpaid overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Class Plaintiff, numerous SSPs have been denied proper compensation, including minimum wages and overtime wages due to Defendants' payroll policies and practices. The Class Plaintiff is representative of those other employees and is acting on behalf of their interests as well as asserting her own in bringing this action.

21.     These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

22.     The net effect of Defendants' policies and practices is that Defendants' willfully failed to pay minimum wages and overtime wages and willfully failed to keep accurate time and payroll

records to save payroll costs. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Class Plaintiff and SSPs.

23. The Class Plaintiff brings her Ohio Minimum Fair Wage Standards Act ("OMFWSA") and Ohio Constitution claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other members of the following class: All non-exempt CMSI and/or McDonald's employees, currently or formerly employed by Defendants at any location owned and operated by CMSI, who have not been paid in accordance with the OMFWSA as a result of Defendants' policies, including, but not limited to, those who have been damaged by Defendants' failure to pay minimum wage compensation and failure to pay overtime wages. The class includes: (a) all hourly employees of Defendants during the previous three (3) years who worked Third Shift in any workweek and had 0.5 hours subtracted/deducted from his/her compensable hours when Defendants knew that the employees continued to perform substantial duties for their employers' benefit during all times they were clocked in; (b) all of Defendants' hourly employees employed at any location owned and operated by CMSI who had their time cards fraudulently edited at any point during their employment; and (c) any employee of Defendants during the previous three (3) years for whom Defendants failed to keep accurate payroll records as required by Ohio Constitution Art. 2 § 2.34a. These individuals are referred to as the "Rule 23 Class."

24. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

25. The Class Plaintiff is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

26. The Class Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

27. The Class Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she undertaken to represent.

28. The Class Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

29. Questions of law and fact are common to the Ohio Class.

30. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

31. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Rule 23 Class as a whole.

32. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

33. Questions of law and fact that are common to the Ohio Class include, but are not limited to:

    a) whether Defendants violated the FLSA and OMFWSA by failing to pay employees for hours worked in excess of forty hours per week due to a 0.5 hour deduction for Third Shift employees even though the employees continued to

perform substantial duties for their employers' benefit during all times they were clocked in, resulting in overtime and minimum wage violations;

b) whether any or all of the Defendants willfully and/or fraudulently altered the payroll records of their employees to reduce the employees' total number of compensable hours thereby not: (i) paying the employees at least minimum wage for the reduced hours; (ii) paying employees at least minimum wage for all of the hours they worked; and (iii) paying employees overtime wages for all of their compensable hours worked over forty (40) so that the employee would be paid less than they were owed;

c) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day;

d) whether Defendants' violations of the FLSA and OMFWSA were knowing and willful;

e) what amount of unpaid and/or withheld compensation, including minimum wages and overtime wages, is due to the named Class Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the OMFWSA;

f) what amount of pre- and post-judgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them;

g) whether Defendants violated the FLSA and OMFWSA by failing to pay employees for hours worked;

h) whether Defendants breached and violated contracts with the Ohio Class by failing to pay required wages for time worked;

    i)   whether Defendants are liable to the Ohio Class in quantum meruit;

    j)   whether Defendants have been unjustly enriched by their failure to pay the Ohio Class for time worked;

    k)  what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the named Class Plaintiff and other members of the Ohio Class on account of Defendants' violations of the FLSA and OMFWSA; and

    l)   what amount of prejudgment interest is due to Ohio Class members on the overtime or other compensation which was withheld or not paid to them.

34.    A class action is superior to individual actions for the fair and efficient adjudication of the Class Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Class Plaintiffs and their counsel are not aware of any pending Ohio litigation on behalf of the Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

35.    The Class Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

36.     This claim is brought as part of a collective action by the Class Plaintiff on behalf of herself and other SSPs.

37.     During the three years preceding the filing of this Complaint, Defendants employed the Class Plaintiff and other SSPs.

38.     The Class Plaintiff and SSPs' employment positions reflect a cross-section of all non-exempt employment positions used by Defendants within Ohio including but not limited to Crew Members, Crew Leaders, and Managers in Training.

39.     The Class Plaintiff and the SSPs were paid on an hourly basis.

40.     The Class Plaintiff and the SSPs worked at Defendant CMSI's various franchise locations throughout the State of Ohio.

41.     The Class Plaintiff and the SSPs job duties were the same or similar at each of Defendants' work locations.

42.     Defendants paid the Class Plaintiffs and the SSPs on a biweekly basis.

43.     The Class Plaintiffs and the SSPs usual "workweek" was Sunday through Saturday.

44.     Upon information and belief, with respect to current employees, Defendants continue to pay SSPs on a biweekly basis.

45.     Upon information and belief, Defendants jointly set policy and procedures for calculating the weekly pay of all their employees, including the Class Plaintiffs and SSPs.

46.     Defendants knew or should have known of the overtime payment requirements of the FLSA.

47.     On a daily basis while they were employed by Defendants in three years preceding the filing of this Complaint, the Class Plaintiff and the SSPs regularly worked Third Shift during all

hours they were clocked in. Nevertheless, Defendants made a 0.5 hour deduction from the compensable hours each shift for all employees who worked Third Shift, as well as other fraudulent manual deductions from the compensable time of employees working on all shifts to save on labor costs. At various times while they were employed by Defendants in the three years preceding the filing of this Complaint, the Class Plaintiff and the SSPs worked, or had been permitted to work, in excess of forty (40) hours per week without being paid overtime premium for certain hours worked in excess of forty.

48.     During the past three years, Defendants have knowingly and willfully failed to pay the Class Plaintiff and the SSPs the overtime wages they were due.

49.     Upon information and belief, the payroll system automatically calculated overtime pay at a rate of one and one-half times regular pay.

50.     Defendants fraudulently altered the payroll records of the Class Plaintiff and the SSPs to prevent them from receiving overtime pay rate of one and one-half times regular pay.

51.     The Class Plaintiff is an employee of Defendants who was not paid the proper wages, including overtime wages, because her compensable hours were reduced by 0.5 hours when she worked Third Shift and her other compensable work hours were fraudulently reduced by managerial employees when she worked other shifts.

52.     During her employment, Plaintiff Ford became aware that nearly every hourly CMSI employee who worked Third Shift regularly had 0.5 hours deducted from their daily shift even though they worked during all times they were clocked in.

53.     The Class Plaintiff and SSPs were paid biweekly. Prior to issuing the paychecks for each employee at any location owned and operated by CMSI, timecards that were edited in any way

must have been approved by each employee. The "approval" was signified by each employee's initials.

54.     Prior to Defendants issuing paychecks, managerial employees fraudulently altered the payroll records of the Class Plaintiff and the SSPs and forged the signatures of the Class Plaintiff and the SSPs approving the manual edits to their timecards. As a result the Class Plaintiff and the SSPs were paid below minimum wage for their scheduled hours.

55.     The Class Plaintiff was instructed by Cody Odom ("Cody"), Assistant Manager, and Tina, General Manager, to reduce the number of hours worked for a number of her coworkers. Both Cody and Tina worked at numerous CMSI franchise locations. However, the Class Plaintiff refused to reduce her coworkers' hours reflected on their timecards. Nevertheless, the Class Plaintiff noticed her timecard and her coworkers' timecards continued to be fraudulently altered on numerous occasions.

56.     In addition, the Class Plaintiff witnessed and was instructed by Cody and Tina to initial her co-workers' timecards to forge their approval of the fraudulent alterations. When the Class Plaintiff refused, Cody and Tina proceeded to initial the timecards for each employee with the reduced hours listed in the biweekly pay period.

57.     Upon information and belief, this conduct regularly occurred without the employees' knowledge.

58.     As a result of Defendants' managerial employees fraudulently altering employees' payroll records, the Class Plaintiff and the SSPs were not paid a overtime wages as required by the FLSA for their compensable hours that were fraudulently deducted from their time records.

59.     The job duties the Class Plaintiff and the SSPs had in the three years preceding the filing date of this Complaint did not exempt them from the overtime pay requirements, minimum wage requirements, or any other requirement of the FLSA.

60.     As a direct and proximate cause of Defendants' conduct, the Class Plaintiff and the SSPs have suffered and continue to suffer damages.  In addition, the Class Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, as a result of Defendants' willful failure and refusal to pay overtime wages in violations of 29 U.S.C. §§ 206-207, on behalf of herself and all other SSPs.

## COUNT II
### (FLSA – COLLECTIVE ACTION FOR MINIMUM WAGE VIOLATIONS)

61.     The Class Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

62.     This claim is brought as part of a collective action by the Class Plaintiff on behalf of herself and other SSPs.

63.     During the three years preceding the filing of this Complaint, Defendants employed the Class Plaintiff and other SSPs.

64.     The Class Plaintiff and SSPs employment positions reflect a cross-section of all non-exempt employment positions used by Defendants within Ohio including but not limited to Crew Members, Crew Leaders, and Managers in Training.

65.     The Class Plaintiff and the SSPs were paid on an hourly basis.

66.     The Class Plaintiff and the SSPs worked at Defendant CMSI's various franchise locations throughout the State of Ohio.

67.     The Class Plaintiff and the SSPs job duties were the same or similar at each of Defendants' work locations.

68.     Defendants paid the Class Plaintiffs and the SSPs on a biweekly basis.

69.     The Class Plaintiffs and the SSPs usual "workweek" was Sunday through Saturday.

70.     Upon information and belief, with respect to current employees, Defendants continue to pay SSPs on a biweekly basis.

71.     Upon information and belief, Defendants jointly set policy and procedures for calculating the weekly pay of all its employees, including the Class Plaintiffs and SSPs.

72.     Defendants knew or should have known of the minimum wage payment requirements of the FLSA.

73.     On a daily basis while they were employed by Defendants in three years preceding the filing of this Complaint, the Class Plaintiff and the SSPs regularly worked Third Shift during all hours they were clocked in.  Nevertheless, Defendants made a 0.5 hour deduction from all employees who worked Third Shift, as well as other fraudulent manual deductions from the compensable time of employees working on all shifts to save on labor costs.

74.     At various times while they were employed by Defendants in the three years preceding the filing of this Complaint, the Class Plaintiff and the SSPs worked, or had been permitted to work without being paid minimum wage for the weekly hours worked as a result of fraudulent manual deductions to employees' compensable hours made by managerial employees.

75.     During the past three years, Defendants have knowingly and willfully failed to pay the Class Plaintiff and the SSPs the minimum wages they were due.

76.     The Class Plaintiff and SSPs were paid biweekly.  Prior to issuing the paychecks for each employee at any location owned and operated by CMSI, timecards that were edited in any way must have been approved by each employee.  The "approval" was signified by each employee's initials.

77.     Prior to Defendants issuing paychecks, managerial employees fraudulently altered the payroll records of the Class Plaintiff and the SSPs and forged the signatures of the Class Plaintiff and the SSPs approving the manual edits to their timecards. As a result the Class Plaintiff and the SSPs were paid below minimum wage for their scheduled hours.

78.     Upon information and belief, the Class Plaintiff was instructed by Cody and Tina to reduce the number of hours worked for a number of her coworkers.  However, the Class Plaintiff refused to reduce her coworkers' hours reflected on their timecards.  Nevertheless, the Class Plaintiff noticed her timecard and her coworkers' timecards continued to be fraudulently altered on numerous occasions.

79.     In addition, the Class Plaintiff witnessed and was instructed by Cody and Tina to initial her co-workers' timecards to forge their approval of the fraudulent alterations.  When the Class Plaintiff refused, Cody and Tina proceeded to initial the timecards for each employee with the reduced hours listed in the biweekly pay period.

80.     Upon information and belief, this conduct occurred regularly without the employees' knowledge.

81.     As a result of Defendants' managerial employees fraudulently altering employees' payroll records, the Class Plaintiff and the SSPs were not paid a minimum hourly wage for the hours that were taken away by managerial employees or for all hours they worked as required by the FLSA.

82.    The Class Plaintiff consists of at least one of Defendants' employees who had her payroll records fraudulently altered by managerial employees and an unknown number of SSPs who were not paid the proper minimum wage because their compensable hours were intentionally reduced in order for Defendants to save on labor costs even though they continued to work during all times they were clocked in.

83.    The job duties of the Class Plaintiff and the SSPs had in the three years preceding the filing date of this Complaint did not exempt them from the minimum wage requirements, or any other requirement of the FLSA.

84.    The Class Plaintiff and the SSPs were paid on an hourly basis and not on a salary basis.

85.    As a direct and proximate cause of Defendants' conduct, the Class Plaintiff and the SSPs have suffered and continue to suffer damages.  In addition, the Class Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, as a result of Defendants' willful failure and refusal to pay minimum wages in violations of 29 U.S.C. §§ 206-207, on behalf of herself and all other SSPs.

## COUNT III
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

86.    The Class Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

87.    This claim is brought under Ohio law.

88.    Defendants' corporate policy of deducting 0.5 hours from each employee's compensable hours when they worked Third Shift and fraudulently deducting other time from employees' timecards in order to save labor costs even though employees worked during all times they were

clocked in, resulted in members of the Rule 23 Class not being paid overtime wages for the time they worked but which was deducted by Defendants.

89.     Defendants' repeated and knowing failure to pay overtime wages to the Class Plaintiff were violations of R.C. § 4111.03.

90.     For Defendants' violations of R.C. § 4111.03, the Class Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT IV
### (R.C. § 4111.02 – RULE 23 CLASS ACTION FOR MINIMUM WAGE VIOLATIONS)

91.     The Class Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

92.     This claim is brought under Ohio law.

93.     Defendants' corporate policy of deducting 0.5 hours from each employee's compensable hours when they worked Third Shift and fraudulently deducting other time from employees' timecards in order to save labor costs even though employees worked during all times they were clocked in, resulted in members of the Rule 23 Class being paid less than minimum wage for the time they worked but which was deducted by Defendants.

94.     Defendants' repeated and knowing failure to pay at least minimum wage to the Class Plaintiff were violations of R.C. § 4111.02.

95.     For Defendants' violations of R.C. § 4111.02, the Class Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT V
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR SEMIMONTHLY UNPAID WAGE VIOLATIONS)

96. The Class Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

97. This claim is brought under Ohio law.

98. Pursuant to R.C. § 4113.15(B), where unpaid wages remain unpaid for thirty (30) days, Defendants are liable to the Class Plaintiff and SSPs in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars ($200), whichever is greater.

99. Defendants' corporate policy of deducting 0.5 hours from each employee's compensable hours when they worked Third Shift and fraudulently deducting other time from employees' timecards in order to save labor costs even though employees worked during all times they were clocked in, resulted in members of the Rule 23 Class not being timely paid their wages as required by R.C. § 4113.15.

100. These wages remain unpaid for thirty (30) days beyond the regularly scheduled payday, making Defendants liable to the Class Plaintiff and SSPs.

101. For Defendants' violations of R.C. § 4113.15, the Class Plaintiff and SSPs are entitled to recover an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars ($200), whichever is greater, and all other relief available under Ohio law.

## COUNT VI
### (QUANTUM MERUIT)

102. The Class Plaintiff restates the allegations of the preceding paragraphs as if fully rewritten herein.

103. The Class Plaintiff and other SSPs rendered employment services to Defendants.

104.    Defendants received the benefits of the employment services provided by the Class Plaintiff and SSPs.

105.    Defendants' retention of those services without providing compensation in exchanged would be unjust.

106.    Defendants have thereby been unjustly enriched and/or the Class Plaintiff and other SSPs have been damaged.

107.    The payment requested by the Class Plaintiff and other SSPs for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

108.    The Class Plaintiff and other SSPs are entitled to damages equal to all unpaid regular and overtime compensation earned within the three (3) years preceding the filing of this Complaint plus periods of equitable tolling.

109.    The Class Plaintiff and other SSPs are entitled to an award of pre and post-judgment interest.

<u>**COUNT VII**</u>
**(UNJUST ENRICHMENT)**

110.    The Class Plaintiff restates the allegations of the preceding paragraphs as if fully rewritten herein.

111.    The Class Plaintiff and other SSPs rendered employment services to Defendants and thereby conferred benefits on them.

112.    Defendants accepted and retained the benefits in circumstances that render such retention inequitable without payment of the value of the benefits.

113.    Defendants have thereby been unjustly enriched and/or the Class Plaintiff and other SSPs have been damaged.

114.    The Class Plaintiff and other SSPs are entitled to damages equal to all unpaid regular and overtime compensation earned within the three (6) years preceding the filing of this Complaint plus periods of equitable tolling.

115.    The Class Plaintiffs and other SSPs are entitled to an award of pre and post-judgment interest.

**COUNT VIII**
**(RETALIATION IN VIOLATION OF THE FLSA)**

116.    The Class Plaintiff restates the allegations of the preceding paragraphs as if fully rewritten herein.

117.    It is a violation of the FLSA for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

118.    On or about December 22, 2015, Plaintiff contacted McDonald's Corporate HR Department to report the conduct of managerial employees to fraudulently edit employees' time records and forge their initials, thereby depriving employees of minimum wage and overtime wages for their hours worked.

119.    A few hours later, Cody confronted the Class Plaintiff in a hostile manner and demanded to know why she called and reported the fraudulent actions.  Because the Class Plaintiff didn't want Cody to be any angrier with her than he already was, she denied making the report.

120.    The next day, Cody resumed his aggressive and harassing behavior towards the Class Plaintiff. Later that day, the Class Plaintiff was called into a meeting with Cody, Tina, Mike, and Muna, who were all members of CMSI's managerial staff. At that meeting, the Class Plaintiff admitted to making the report. The Class Plaintiff felt attacked by the members of management for reporting the fraud that was occurring at the CMSI restaurants to McDonald's Corporate HR department.  Rather than talk to the Class Plaintiff and investigate her claims, the members of management pointed the finger at her and wanted to know why she would involve the Corporate HR Department.  Because of the harassing nature of the meeting by the four members of management directly above the Class Plaintiff, she was constructively discharged.  When Plaintiff lodged the above-described complaint she was engaged in protected activity as defined by 29 U.S.C. § 215(a)(3).

121.    Plaintiff has been damaged by Defendants' willful violation of the Fair Labor Standards act such that he is entitled to compensation therefore, including liquidated damages and attorney's fees.

## COUNT IX
## (RETALIATION IN VIOLATION OF OHIO MINIMUM FAIR WAGE STANDARDS ACT)

122.    The Class Plaintiff restates the allegations of the preceding paragraphs as if fully rewritten herein.

123.    It is a violation of the OMFWSA for an employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

124.    On or about December 22, 2015, Plaintiff contacted McDonald's Corporate HR Department to report the conduct of managerial employees to fraudulently edit employees' time records and forge their initials, thereby depriving employees of minimum wage and/or overtime wages for their hours worked.

125.    A few hours later, Cody confronted the Class Plaintiff in a hostile manner and demanded to know why she called and reported the fraudulent actions. Because the Class Plaintiff didn't want Cody to be any angrier with her than he already was, she denied making the report.

126.    The next day, Cody resumed his aggressive and harassing behavior towards the Class Plaintiff. Later that day, the Class Plaintiff was called into a meeting with Cody, Tina, Mike, and Muna, who were all members of CMSI's managerial staff. At that meeting, the Class Plaintiff admitted to making the report. The Class Plaintiff felt attacked by the members of management for reporting the fraud that was occurring at the CMSI restaurants to McDonald's Corporate HR department.  Rather than talk to the Class Plaintiff and investigate her claims, the members of management pointed the finger at her and wanted to know why she would involve the Corporate HR Department.  Because of the harassing nature of the meeting by the four members of management directly above the Class Plaintiff, she was constructively discharged.  When Plaintiff lodged the above-described complaint she was engaged in protected activity.

127.    When Plaintiff was constructively discharged, Defendants engaged in "prohibited acts" as that term is defined by Ohio Revised Code § 4111.13.

128.    Plaintiff has been damaged by Defendants' violations of the OMFWSA such that she is entitled to compensation therefore.

**WHEREFORE,** as to Counts I through VII, the Class Plaintiff and SSPs demand relief from Defendants as follows:

A.  An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.  An Order for prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.  An award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, pre- and post-judgment interest at the statutory rate, attorneys' fees, costs, expenses and any other amounts available under the law incurred by the Class Plaintiff and the SSPs for Defendants' violations, an amount in excess of $75,000.00 for punitive damages, as well as equitable relief and a permanent injunction enjoining each Defendant from further violating the FLSA, R.C. §§ 4111.02-03, 4113.15, and Ohio Const. Art. 2 §34a.

**WHEREFORE,** as to Counts VIII and IX, Plaintiff Ford demands relief from Defendants as follows:  An award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, attorneys' fees, costs, expenses and any other amounts or remedies available under the law incurred by Plaintiff Ford as a result of Defendants' violations.

     Respectfully submitted,

     /s/ *Matthew J.P. Coffman*
     _____
     Matthew J.P. Coffman (0085586)
     (*mcoffman@coffmanlegal.com*)
     **Coffman Legal, LLC**
     1457 S. High St.
     Columbus, Ohio 43207
     Ph:  (614) 949-1181
     Fax:  (614) 386-9964

/s/ *Daniel I. Bryant*

_____

Daniel I. Bryant (0090859)
(dbryant@*bryantlegalllc.com*)
**BRYANT LEGAL, LLC**
629 N. High St., 4th Floor
c/o Industrious
Columbus, Ohio 43215
Ph:  (614) 704-0546
Fax:  (614) 573-9826

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

/s/  *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC