IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAILEY N. FORD,

        Plaintiff,

                                 Civil Action 2:16-cv-18
    v.                         Magistrate Judge Jolson

CARNEGIE MANAGEMENT
SERVICES, INC., et al.,

        Defendants.


## OPINION AND ORDER

This case, in which the parties have consented to full disposition by the Magistrate Judge (Doc. 23), is before the Court on Plaintiff's Motion for Conditional Class Certification, Expedited Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs.  (Doc. 2; *see also* Doc. 21).  Defendant opposes the Motion.  (Doc. 19).  For the following reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**I.      BACKGROUND**

Plaintiff filed this collective and class action lawsuit on behalf of herself and similarly situated employees alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* against Defendant Carnegie Management Services, Inc., her former employer and the owner of four McDonald's franchises.  Plaintiff has moved for conditional class certification, Court-supervised notice to potential opt-in plaintiffs, and expedited discovery. (Doc. 2).  Plaintiff attached her declaration in support.  *Id.*, Ex. 2.

Plaintiff and the putative class members are current and former hourly, non-exempt employees at Defendant's four McDonald's franchises, each of which "enforced the same policies and procedures, including payroll procedures." *Id*. at ¶¶ 2–3, 10–12. Plaintiff states that Defendant "cheat[ed] hourly, non-exempt employees out of receiving minimum wage or overtime compensation for their hours" in two ways. *Id.* at ¶ 19. First, Plaintiff alleges that Defendant "manually deduct[ed] employees' compensable hours by 0.5 hours during each shift when they worked from 10:00 p.m. to 6:00 a.m. ("Third Shift") even though the employees on Third Shift worked during all times they were clocked in." *Id.* at ¶ 13. That reduction of 0.5 hours in compensable time caused her and her co-workers to "dread[ ] working Third Shift," and she personally tried to avoid working that shift to avoid the reduction. *Id.* Second, Plaintiff avers that Defendant's management routinely forged her initials and other hourly employees' initials on timecards containing "fraudulent manual edits" to reduce the compensable time. *Id.* at ¶¶ 16–17. In addition, Plaintiff states that the managers instructed her, as a Manager in Training, to forge her co-workers' initials on fraudulently edited timecards. *Id.* Plaintiff states that, when she voiced her opposition to Defendant's payroll policy of reducing employees' compensable hours, she was told "the deductions occurred because 'labor costs were too high.'" *Id.* at ¶ 22.

Based on the foregoing, Plaintiff requests that this Court certify conditionally a class consisting of all of Defendant's current and former non-exempt employees in the three years preceding the filing of the complaint at any of Defendant's franchise locations "who (1) worked Third Shift and had 0.5 hours of compensable time deducted from their shift; and (2) worked any shift and had their timecards manually edited to reduce their number of compensable hours." (Doc. 2, Ex. 1 at 14).

## II.    CONDITIONAL CLASS CERTIFICATION

A collective action against an employer under the FLSA, 29 U.S.C. § 216(b) must satisfy two requirements:  "(1) the plaintiffs must actually be 'similarly situated,' and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action."  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  Given the opt-in structure of such an action, the need for employees to "receiv[e] accurate and timely notice concerning the pendency of the collective action" is heightened.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483 (S.D. Ohio 2014).  To that end, 29 U.S.C. § 216(b) permits the Court to facilitate notice to potential plaintiffs.  *Hoffman-La Roche Inc.*, 493 U.S. at 169.  Whether to certify a class conditionally and facilitate notice is left to the Court's discretion.  *Id.*

The United States Court of Appeals for the Sixth Circuit has upheld implicitly a two-step procedure for determining whether an FLSA case should proceed as a collective action.  *Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14-cv-432, 2015 WL 4112312, at *2 (S.D. Ohio July 7, 2015) (citing *In re HCR ManorCare, Inc.*, No. 11-3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011)).  In the "initial stage," the Court determines whether to certify the collective class conditionally and whether notice of the lawsuit should be provided to putative class members.  *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).  In the second, "the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims."  *Id.*

Where, as here, the Court is examining whether the case may proceed as a collective action at the initial stage, the plaintiffs must make only a modest showing that the potential class members are similarly situated.  *Comer*, 454 F.3d at 546–47 (noting that this "fairly lenient" standard

typically results in conditional certification); *see also Lewis v. Huntington Nat'l Bank*, 789 F.

Supp. 2d 863, 868 (S.D. Ohio 2011) (same).  Although the FLSA does not define "similarly

situated," the Sixth Circuit has provided guidance.  *Monroe v. FTS USA, LLC*, 815 F.3d 1000,

1008 (6th Cir. 2016) (noting that the Sixth Circuit has "clarified the contours of the FLSA

standard for certification").  Among other things, the Sixth Circuit has found that employees are

similarly situated if they "suffer from a single, FLSA-violating policy" or their claims are

"unified by common theories of defendants' statutory violations, even if the proofs of these

theories are inevitably individualized and distinct."  *O'Brien v. Ed Donnelly Enters., Inc.*, 575

F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*,

136 S. Ct. 663 (2016).

Here, Plaintiff's claim and the claims of other hourly, non-exempt employees at Defendant's

four McDonald's franchises are unified by the common theory that Defendant reduced

employees' compensable time, resulting in unpaid overtime and unpaid minimum wages.  More

specifically, the common theory supported by Plaintiff's declaration is that Defendant's

management improperly reduced the Third Shift employees' compensable time by 0.5 hours and

made additional manual edits to all hourly employees' compensable time by forging altered time

cards in order to reduce labor costs, resulting in unpaid overtime and unpaid minimum wages.

(Doc. 2, Ex. 2 at ¶¶ 13, 16–17).  Based upon the foregoing, Plaintiff's declaration contains

sufficient evidence to make a modest showing that the potential class members are similarly

situated, even if proof of this theory is inevitably individualized and distinct.  *Id.*; *see also Sisson*

*v. OhioHealth Corp.*, No. 2:13-cv-517, 2013 WL 6049028, at *1 (S.D. Ohio Nov. 14, 2013)

(granting conditional certification based on a single declaration); *Pritchard v. Dent Wizard Int'l*

*Corp.*, 210 F.R.D. 591, 595–96 (S.D. Ohio Aug. 6, 2002) (noting that "[s]ome courts hold that a

4

plaintiff can demonstrate that potential class members are 'similarly situated' for purposes of receiving notice based solely upon allegations in a complaint of class-wide illegal practices") (quoting *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996)).

Defendant makes a number of merits-based arguments in opposing the conditional class certification, arguing that:  its written management policies prohibit managers from misrepresenting payroll or failing to pay an employee for all compensable time, (Doc. 19 at 2); its investigation of Plaintiff's claims "has not uncovered any evidence of a practice of improperly reducing time records," *id.* at 3; and Plaintiff's declaration contains no specific examples of the deductions "because there are none," *id*. at 5.  Further, Defendant asserts that, even if there had been a practice of reducing third-shift employees' hours, Plaintiff is not similarly situated to the putative class members because "[s]he did not work a single third shift in 2015 when her hours were reduced by 0.5 hours."  *Id.* at 6.  While potentially meritorious at some point, Defendant's arguments are premature.  At this stage of the litigation, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Hughes*, 2015 WL 4112312, at *2.

To bolster its argument, Defendant relies on *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S.D. Ohio 2005), contending that case is "strikingly similar" to this case.  (Doc. 19 at 7).  Although the plaintiff in *Harrison* also was an employee of a McDonald's restaurant who claimed FLSA violations arising from altered timekeeping records, the similarities to this case end there.  In *Harrison*, the Court refused to consider inadmissible hearsay evidence offered in support of conditional certification.  *Harrison*, 68 F. Supp. 2d at 865–66.  The evidence before the Court suggested that there was "nothing inherently improper or unlawful about editing the timekeeping records" because it was done for legitimate reasons, such as "to ensure that the

5

employees [were] properly compensated." *Id*. at 870. To that end, the plaintiff in *Harrison* admitted that it was "impossible to determine" whether the "managers' changes increased or decreased the employees' total work hours," and thus she speculated that the hours were reduced "to avoid paying all compensation to which the employees were entitled." *Id*. Accordingly, the Court found that, despite having access to contact information for potential class members for many months, the plaintiff offered mere speculation and "absolutely no evidence to prove that even one of the[ ] alterations was unwarranted." *Id*.

Three key differences make this case unlike *Harrison*. As an initial matter, Plaintiff in this case has not had the benefit of any discovery, let alone "many months" of "access to contact information for approximately 300 potential class members." *Id*. Second, Defendant has not challenged the admissibility of the evidence in Plaintiff's declaration. And even if it had, "[m]ost courts in the Sixth Circuit . . . have held that plaintiff's evidence on a motion for conditional certification [need] not meet the same evidentiary standards applicable to motions for summary judgment because to require more at this stage of the litigation would defeat the purpose of the two-stage analysis under Section 216(b)." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 n.6 (N.D. Ohio 2015) (quoting *Monroe*, 257 F.R.D. at 639) (internal quotation marks and citation omitted). Third, and most significantly, Plaintiff in this case relies on more than mere speculation, averring that she personally observed Defendant's managers reduce her time and the time of other non-exempt hourly employees, she was asked to forge initials on improperly edited time cards as a Manager in Training, and those managers acknowledged that the reductions were made to reduce labor costs. (Doc. 2, Ex. 2 at ¶¶ 14–16). For these reasons, *Harrison* is inapposite.

Next, Defendant relies on *Snide v. Discount Drug Mart, Inc.*, No. 1:11-cv-244, 2011 WL

6

5434016, at *5 (N.D. Ohio Oct. 7, 2011), to argue that there is insufficient evidence of a widespread plan to justify including each of its franchises in the collective class.  In *Snide*, the plaintiff's affidavits stated that the managers in training were moved to other stores but offered "no evidence" that the conduct at issue occurred at those stores.  *Id.*  In this case, Plaintiff avers that each of Defendant's franchises "enforced the same policies and procedures, including payroll procedures," and that her General Manager and Assistant Manager, who instructed Plaintiff in her role as Manager in Training to forge initials on edited time cards, also worked at Defendant's other  locations.  (Doc. 2, Ex. 2 at ¶¶ 10, 14, 16).  Where, as here, the plaintiff sets forth "some evidence" demonstrating a "colorable basis that illegal pay practices and procedures are in place" at the other franchises, there is sufficient evidence of a widespread plan to allow conditional certification.  *Castillo*, 302 F.R.D. at 486 (internal quotation marks omitted); *see also Cox v. Healthcare Servs. Grp., Inc.*, No. 3:13 cv 293, 2013 WL 2443785, at *4 (N.D. Ohio June 4, 2013) (stating that if the plaintiff "has sufficiently shown, at this point in the litigation, a colorable basis for [her] claim that classes of similarly situated plaintiffs exist, conditional certification is appropriate").  Because Plaintiff has made the modest factual showing required at the initial stage, conditional certification is GRANTED.

## III.    NOTICE AND DISCOVERY

Plaintiff moves for Court-supervised notice to similarly situated employees (Doc. 2, Ex. 3), and Defendant argues that Plaintiff's proposed notice is improper, inadequate, and unfair (Doc. 19 at 11).  In reply, Plaintiff states that Defendant's arguments "bear no consideration by the Court," because Plaintiff's counsel will meet and confer with Defendant's counsel regarding the content and form of the notice in order to reach a mutually agreeable joint proposed notice. (Doc. 21 at 13).  Based upon Plaintiff's position, counsel for the parties are hereby ORDERED

7

to meet and confer and submit an agreed notice to this Court within fourteen days of the issuance of this Opinion and Order.  If counsel are unable to reach an agreement, Plaintiff may file her proposed notice by the same deadline, and Defendant may file its specific objections to the proposed notice no later than fourteen days after Plaintiff files her proposed notice.  Plaintiff may respond to Defendant's objections within five days.

Similarly, Plaintiff moves for expedited discovery (Doc. 2 at 19), and Defendant objects to Plaintiff's proposed discovery as overly broad (Doc. 19 at 18–19).  More specifically, Defendant requests that the expedited discovery be limited to "the names, last known residential or e-mail address and dates of employment of employees who fall within the class as defined by the Court."  (Doc. 19 at 19).   In reply, Plaintiff again states that Defendant's arguments "bear no consideration by the Court," because she agrees to limit the initial discovery requests as requested by Defendant.  Given the agreement as to the scope of the expedited discovery, Plaintiff's request for an Order on expedited discovery is MOOT.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Conditional Class Certification, Expedited Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs is GRANTED IN PART and DENIED IN PART.   In particular, Plaintiff's request for conditional class certification under the FLSA is GRANTED.  Plaintiff's requests for expedited discovery and Court-supervised notice are DENIED as MOOT.  Counsel for the parties are hereby ORDERED to meet and confer and submit an agreed notice to this Court within fourteen days of the issuance of this Opinion and Order.  If counsel are unable to reach an agreement, Plaintiff may file her proposed notice by the same deadline, and Defendant may file its specific objections to the proposed notice no later than fourteen days after Plaintiff files her proposed notice.  Plaintiff may

respond to Defendant's objections within five days.

    IT IS SO ORDERED.


Date: May 11, 2016                         <u>/s/ Kimberly A. Jolson</u>
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE