DocuSign Envelope ID: 00CBB1EC-EB3F-4F7C-B504-31AE7AD34087
Case: 2:16-cv-00018-KAJ Doc #: 74-1 Filed: 09/28/17 Page: 1 of 13 PAGEID #: 478

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD0301B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAILEY FORD, on behalf of herself and others similarly situated, | CIVIL ACTION |
| Plaintiffs, | CASE NO: 2:16-cv-18 |
| vs. | JUDGE GEORGE C. SMITH |
| CARNEGIE MANAGEMENT SERVICES, INC., et al., | MAGISTRATE KIMBERLY A. JOLSON |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE

Subject to approval by the United Stated District Court for the Southern District of Ohio, Eastern Division, Honorable Kimberly A. Jolson, U.S. District Magistrate Judge, presiding, in the civil action styled *Kailey N. Ford. v. Carnegie Management Services, Inc., et al.*, Case No. 2:16-cv-18 (the "Action"), this Agreement of Settlement and Release ("Agreement") is entered into between Kailey N. Ford ("Named Plaintiff") on behalf of herself and all other similarly situated Opt-in Plaintiffs (the "Opt-In Plaintiffs" as defined in ¶1.10) (collectively called "Plaintiffs"), and Defendant Carnegie Management Services, Inc. on behalf of itself and its parent, affiliates, predecessor, successor, subsidiary, and other related entities, and the above-referenced entities' present and former attorneys, officers, partners, directors, employees, agents, shareholders, successors, assigns, trustees, heirs, administrators, executors, representatives and principals, both individually and in their business capacities, and each of them, jointly and severally (herein singularly and collectively called "Carnegie") and Oye Olatoye on behalf of himself and his heirs, executors, guardians, administrators, successors, and assigns, and each of them, jointly and severally (herein called "Olatoye"; collectively Carnegie and Olatoye shall be

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD03018

"Defendants") (Plaintiffs and Defendants collectively referred to herein as the ("Parties"), who agree to be bound by all of the terms and conditions here of this 20th day of September, 2017.

1. **DEFINITIONS**

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its Exhibits.

1.1 "Action" means the above-captioned case, inclusive of the federal claims pursuant to the federal Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.* and the Ohio state law claims pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111.01, 4111.03 and 4111.10 ("the Ohio Wage Act") and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15 ("the OPPA") (the Ohio Wage Act and the OPPA will collectively be referred to herein as "the Ohio Acts").

1.2 "Agreement" or "Settlement Agreement" shall mean this Settlement Agreement and Release.

1.3 "Approval Date" means the date the Court enters an order ("Approval Order") approving this Settlement, as that term is defined below in Paragraph L.

1.4 "Defendants" shall mean and include Defendant Carnegie Management Services, Inc., and all of its former, current, and respective officers, directors, agents, members, attorneys, parents, predecessors, divisions, successors, subsidiaries, and related and affiliated entities, and Defendant Oye Olatoye on behalf of himself and his heirs, executors, guardians, administrators, successors, and assigns, and each of them, jointly and severally.

1.5 "Defendants' Counsel" shall mean Catherine Strauss and James Davidson of the law firm Ice Miller, LLP.

    **1.6** "Effective Date" of this Settlement shall be seven (7) calendar days after the Approval Order.

    **1.7** "Party" or "Parties" shall mean the Named Plaintiff, the Opt-In Plaintiffs and Defendants, as defined herein.

    **1.8** "Plaintiffs" shall mean and include the Named Plaintiff in the Action, Kailey N. Ford, and the Opt-In Plaintiffs as defined in ¶1.10.

    **1.9** "Plaintiffs' Counsel" shall mean Robert E. DeRose and Jason C. Cox with Barkan Meizlish Handelman Goodin DeRose Wentz, LLP ("Barkan Meizlish, LLP"), Matthew James Porter Coffman, with Coffman Legal, LLC, and Daniel I'Anson Bryant, with Bryant Legal, LLC.

    **1.10** "Opt-In Plaintiffs" shall mean the following individuals who filed Notices of Consent in this Action; Ciarra Armstead, Latatiyona Armstrong, Haidy Basha, Joshua A. Beardmore, Andrea Bell, Dil Biswakarma, Tianna S. Calloway, Devion Downton, Garland D. Duff, Virginia Fite, Alexa J. Ford, Danazah Greathouse, Ericca Haycraft, Marquise A. Hinton, Quamell Holder, Oludare Ilesanmi, Ulita LaGrone, Nina L. Lyons, Ray B. McNeal, Mitzi Metzger, Marvais Newsom, Cecilia Pacheco-Hernandez, Robert Ryan, Bryan Seely, Shanautica Sharpe, Latisha Simmons, Rilyah Smith, Christine Stratton, Heather D. Taladay, Gregory C. Thompson, Raquan M. Tucker, Armani Turner, Lisa Turner, Jermaine West, Timothy Wildes, and Tyrone Wynn, Jr.

    **1.11** "Released Claims" means any and all wage-and-hour claims that were or could have been brought based on the specific factual allegations contained in the Action, that occurred or are alleged to have occurred at any time through the Approval Date, including without limitation claims for minimum wage payments, overtime compensation, penalties, liquidated damages, interest, attorneys' fees or expenses, and further including claims under the Fair Labor

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A697-20C83AD0301B

Standards Act, 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. Furthermore, "Released Claims" include Named Plaintiff Kailey N. Ford's claims for constructive discharge in violation of the FLSA and the Ohio Wage Act on an individual basis.

**1.12** "Released Parties" means Defendant Carnegie, including its predecessors, successors and assigns, its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, directors, shareholders, members, employees, agents, and representatives, and Defendant Olatoye, on behalf of himself and his heirs, executors, guardians, administrators, successors, and assigns, and each of them, jointly and severally.

**1.13** "Settlement" means the settlement of the Action described and defined by, and according to the terms of, the Agreement.

**1.14** "Settlement Payment" is defined in Paragraph 2, below.

**2. SETTLEMENT PAYMENT.**

Defendants, without admitting any wrongdoing whatsoever, agree to pay Plaintiffs and Plaintiffs' attorney(s), in the aggregate, the amount of One Hundred and Fourteen Thousand Five Hundred and No Cents ($114,500.00) ("Settlement Payment") in settlement of any and all Released Claims as described above in ¶1.11. The Settlement Payment being paid hereunder represents any and all wages, overtime pay, benefits, remuneration, attorneys' fees, costs, interests, damages (whether compensatory, exemplary, liquidated, punitive, or otherwise), or other monies to which Plaintiffs may now be entitled from Defendants, and shall constitute the consideration to be paid by Defendants in full and complete satisfaction of each and every claim of Plaintiffs' against Defendants contained in this Agreement. Plaintiffs waive all rights to interest, and all interest claims at common law, under Ohio Revised Code §1343.03 or any other statutory provision(s). The Settlement Payment will be paid as follows:

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD0301B

2.1 A check in the gross amount of one thousand three hundred and fifty-one Dollars and eighty-four Cents ($1,351.84), less appropriate withholdings and/or payroll deductions, payable to Plaintiff Kailey Ford. A Form W-2 will be issued to Plaintiff Kailey Ford for the payment received under this section;

2.2 A check in the gross amount of three thousand Dollars and zero Cents ($3,000.00) payable to Plaintiff Kailey Ford as a service payment for being the representative plaintiff and her attendance at depositions and her significant assistance in the prosecution of this Action. A Form 1099-MISC will be issued to Plaintiff Kailey Ford for the payment received under this section;

2.3 A check in the gross amount of ~~eight~~ five thousand Dollars and zero Cents ($5,000.00) payable to Plaintiff Kailey Ford to satisfy her claim of constructive discharge in violation of the FLSA and Ohio Wage Act on an individual basis. A Form 1099-MISC will be issued to Plaintiff Kailey Ford for the payment received under this section. Plaintiff Kailey Ford agrees to provide a Form W-9 as a condition of payment;

2.4 Each Opt-In Plaintiff will receive a check in the gross amount listed on **EXHIBIT A** to this Agreement, less appropriate withholdings and/or payroll;

2.5 An IRS Form W-2 will be issued to each Opt-In Plaintiff for the payment received under ¶2.4;

2.5 A check in the amount of eighty-nine thousand six hundred and six Dollars and seventy-four Cents ($89,606.74), payable to Barkan Meizlish Handelman Goodin DeRose Wentz, LLP, Counsel for Plaintiffs, which represents attorney's fees ($82,659.43) and costs ($6,947.31) claimed by Plaintiffs. Plaintiffs' Counsel agree to provide a Form W-9 as a condition of payment;

2.6 The employee portion of all applicable income and payroll taxes will be the

5

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD0301B

responsibility of the individual Plaintiffs, who agree to indemnify Defendants, Plaintiffs Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to the Plaintiffs' failure to pay taxes on any amounts paid pursuant to this Agreement. All applicable Employer Payroll Tax contributions associated with the payments identified in ¶¶2.1 and 2.4 including the employer share of FICA, FUTA, and SUTA shall be the responsibility of Defendants; and,

2.7     Each of the foregoing checks of the Settlement Payment is to be delivered to Robert E. DeRose, II, Barkan Meizlish Handelman Goodin DeRose Wentz, LLP, at 250 E. Broad St. 10th Floor, Columbus, OH 43215, no later than five (5) business days from the Effective Date, provided that the Named Plaintiff has provided the following completed Form W-9, and Plaintiffs' Counsel has provided an executed Stipulation of Dismissal with Prejudice of the Action.

3.     **PLAINTIFFS' RELEASE OF CLAIMS.**

3.1     By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, the Named Plaintiff, for herself, hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and the Released Parties from any matter arising out of or in any way related, directly or indirectly, to Named Plaintiff's employment with Defendants, Named Plaintiff's compensation and/or the termination thereof, the Released Claims, or with respect to any other transaction, event or occurrence pre-dating the date of this Agreement, whether now known or unknown, including, but not limited to, any claim of breach of contract, wrongful discharge, intentional infliction of emotional distress, retaliation and/or employment discrimination, whether in tort or in contract, any statutory or common law claim for attorneys' fees, any claim for interest on the amounts due hereunder, or any other claim under present or future federal, state or local statute

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD0301B

or law, including, but not limited to, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); the Civil Rights Act of 1866, 42 U.S.C. §1981; the Civil Rights Act of 1991, P.L. 102-166; the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*; the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*; the Equal Pay Act, 29 U.S.C. §206(d); the Lilly Ledbetter Fair Pay Act, Public Law No. 111-2; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. §553, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §1161, *et seq.*; the National Labor Relations Act, 29 U.S.C. §151, *et seq.*; and any statutory amendments, R.C. Chapters 4111 and 4112; and Ohio Constitution Art. II, §§34 and 34a.

**3.2** The Named Plaintiff specifically does not waive or release any claims pursuant to any employment intentional tort, violations of specific safety requirements (V.S.S.R.), R.C. Chapters 4121 and 4123; or Ohio Constitution Art. II,§35.

**3.3** By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, the Named Plaintiff on behalf of the Opt-In Plaintiffs, hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendants and the Released Parties from any and all past and present matters, claims, demands, and causes of action for unpaid regular and overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, *et seq.*, the Ohio Wage Act, O.R.C. § 4111, *et seq.*, the Ohio Constitution Art. II, §§34 and 34a, or the OPPA, O.R.C. § 4113.15. An Opt-In Plaintiffs' cashing the check associated with the payment identified in ¶2.4 evidences his or her agreement to be bound by this release.

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD03018

4.  **DISMISSAL OF SUITS.**

    This Agreement is contingent upon the dismissal of any and all pending actions commenced by Plaintiffs against Defendants. Upon receipt of the Settlement Payment herein, Plaintiffs agree to immediately dismiss or cause the Action to be dismissed with prejudice.

5.  **NO DISPARAGEMENT**

    Defendants and the Named Plaintiff mutually agree that they will not defame or disparage each other.

6.  **DENIAL OF LIABLITY**

    By entering into this Agreement, Defendants do not admit to the violation of any federal, state, local or other statute or law, including, but not limited to, those laws referred to in this Agreement, and any claimed breaches or violations are hereby specifically denied.

7.  **NON-DISCLOSURE OF AGREEMENT**

    Named Plaintiff agrees that she will not reveal the existence of this Agreement, nor any terms thereof (including the *fact* of payment and the *amount* of payment), to any person, entity, or organization, except to Named Plaintiff's tax advisor, attorney, spouse, accountant, or the Internal Revenue Service and similar state or local taxing authorities if necessary in connection with the filing, amendment, or audit of his federal, state, or local income tax return, or pursuant to a valid order or subpoena issued by a governmental entity such as the Internal Revenue Service or any state department of unemployment compensation or taxation. Any such disclosure of the aforementioned information shall be made only upon advising the person or entity to whom such information is disclosed about the confidential nature of the information and such person or entity's agreement to maintain such confidentiality. If Named Plaintiff is asked directly about the above-referenced lawsuit, she may state that the matter has been resolved.

DocuSign Envelope ID: 00CBB1EC-EB3F-4E7C-B504-31AE7AD34087
Case: 2:16-cv-00018-KAJ Doc #: 74-1 Filed: 09/28/17 Page: 9 of 13 PAGEID #: 486

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD0301B

8.  **CHOICE OF LAW/JURISDICTION**

This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division (Judge George C. Smith). This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

9.  **SEVERABILITY AND SAVINGS**

In the event that any provision of this Agreement is found, by any court or governmental agency, to be unlawful or unenforceable, either Party has the right to require the Parties to continue complying with the remaining provisions of this Agreement.

10. **ENTIRE AGREEMENT/MERGER OF AGREEMENTS/MODIFICATION**

    10.1  The Parties agree that the foregoing, including **EXHIBIT A**, constitutes the entire agreement among them, and that there exist no other agreements, oral or written, express or implied, relating to any matters covered by this Agreement, or any other agreement in effect and relating to any other matter whatsoever, whether or not within the knowledge or contemplation of either of the Parties at the time of execution of this Agreement. To the extent that there are any other agreements between the Parties, they are hereby mutually declared null and void. This Agreement may only be changed in writing signed by all Parties hereto.

    10.2  To be effective, any amendment to the Agreement must be made in writing and signed by counsel for the Parties, and approved by the Court.

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD0301B

## 11. HEADINGS

The headings herein are inserted only as a matter of convenience and reference, and in no way define or describe the scope of the Agreement or the intent of any provisions hereof.

## 12. PARTIES' AUTHORITY

**12.1** All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel. Plaintiffs' Counsel believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiffs and the Opt-In Plaintiffs.

**12.2** Named Plaintiff represents that she is, by operation of the Notices of Consent to Join this Action, fully authorized to enter into this Agreement and to bind the Opt-In Plaintiffs hereto the terms and conditions thereof.

**12.3** All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

**12.4** It is agreed that because the Opt-In Plaintiffs are so numerous, it is impossible or impractical to have each member execute this Agreement. Plaintiffs' Counsel will notify all of the Opt-in Plaintiffs of the binding nature of the release as described in this Agreement at ¶3.3 and that the release will have the same force and effect as if this Agreement were executed by each member.

**[SIGNATURE PAGE TO FOLLOW]**

DocuSign Envelope ID: 3FCCDF72-2CD4-443B-A897-20C83AD0301B

BY NAMED PLAINTIFF:

Kailey Ford

*/s/ Kailey F*

Dated: 9/20/2017

BY DEFENDANTS:

Carnegie Management Services, Inc.

By: *[signature]*

Title: President/ Owner & Operator

Dated: September 27, 2017

Oye Olatoye

*[signature]*

Dated: September 27, 2017

Approved and agreed to by:

*[signature]*

Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
(614)949-1181/(614)386-9964 (Fax)
mcoffman@mcoffmanlegal.com

Daniel I. Bryant (0090859)
**Bryant Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614)704-0546
Facsimile: (614)573-9826 (Fax)
dbryant@bryantlegalLLC.com

Robert E. DeRose (0055214)
Jason C. Cox (0095169)
**BARKAN MEIZLISH HANDELMAN
GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com
        jcox@barkanmeizlish.com
*Counsel for Plaintiff Kailey N. Ford, et al.*

James E. Davidson (0024534)
Catherine L. Strauss (0072980)
**Ice Miller**
250 West St.
Columbus, Ohio 43215
Telephone: (614) 462-2700
Email: James.davidson@icemiller.com
        Catherine.strauss@icemiller.com

*Counsel for Defendant Carnegie Management Services, Inc.*

11

CO\5651753.1

| PLAINTIFF | AWARD | SERVICE PAYMENT | WRONGFUL TERMINATION | |
|---|---|---|---|---|
| Ciarra Armstead | $167.89 | | | |
| Latatiyona Armstrong | $75.00 | | | |
| Haidy Basha | $314.03 | | | |
| Joshua A. Beardmore | $541.84 | | | |
| Andrea Bell | $778.76 | | | |
| Dil Biswakarma | $377.81 | | | |
| Tianna S. Calloway | $177.34 | | | |
| Devion Downton | $314.03 | | | |
| Garland D. Duff | $238.31 | | | |
| Virginia Fite | $1,073.51 | | | |
| Alexa J. Ford | $284.16 | | | |
| Kailey Ford | $1,351.84 | $3,000.00 | $5,000.00 | |
| Danazah Greathouse | $326.63 | | | |
| Ericca Haycraft | $308.96 | | | |
| Marquise A. Hinton | $203.66 | | | |
| Quamell Holder | $368.70 | | | |
| Oludare Ilesanmi | $195.56 | | | |
| Ulita LaGrone | $75.00 | | | |
| Nina L. Lyons | $441.60 | | | |
| Ray B. McNeal | $167.66 | | | |
| Mitzi Metzger | $1,590.11 | | | |
| Marvais Newsom | $1,125.04 | | | |
| Cecilia Pacheco-Hernandez | $195.56 | | | |
| Robert Ryan | $282.47 | | | |
| Bryan Seely | $569.18 | | | |
| Shanautica Sharpe | $241.13 | | | |
| Latisha Simmons | $294.96 | | | |
| Rilyah Smith | $386.93 | | | |
| Christine Stratton | $194.16 | | | |
| Heather D. Taladay | $2,222.19 | | | |
| Gregory C. Thompson | $459.83 | | | |
| Raquan M. Tucker | $159.11 | | | |
| Armani Turner | $596.51 | | | |
| Lisa Turner | $75.00 | | | |
| Jermaine West | $177.34 | | | |
| Timothy Wildes | $277.58 | | | |
| Tyrone Wynn, Jr. | $263.91 | | | |
| **TOTAL** | **$16,893.26** | **$3,000.00** | **$5,000.00** | **$24,893.26** |

DocuSign Envelope ID: 00CBB1EC-EB3F-4F7C-B504-31AE7AD34087

| | | |
|---|---:|---:|
| Total | $114,500.00 | |
| Service | $3,000.00 | |
| WT | $5,000.00 | |
| Plaintiffs | $16,893.26 | $24,893.26 |
| | $89,606.74 | |
| Expenses | $6,947.31 | |
| Fees | $82,659.43 | $89,606.74 |
| CL | $57,861.60 | |
| BM | $26,882.02 | $114,500.00 |