IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KAILEY N. FORD,**

        **Plaintiff,**

        v.

**CARNEGIE MANAGEMENT
SERVICES, INC., et al.,**

        **Defendants.**

Civil Action 2:16-cv-18
Magistrate Judge Jolson

**OPINION AND ORDER**

This case, in which the parties have consented to full disposition by the Magistrate Judge (Doc. 23), is before the Court on Plaintiffs' Unopposed Motion for Settlement Approval and Memorandum in Support, which seeks the Court's approval of a settlement agreement between Plaintiffs and Defendants resolving Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") and the Ohio Prompt Pay Act ("OPPA") and dismissal of this action with prejudice. (Doc. 74 at 1).  The Motion is supported by the Settlement Agreement and Release (the "Settlement Agreement"), a list of opt-in Plaintiffs, and declarations of Plaintiffs' attorneys Robert E. DeRose, Matthew J.P. Coffman, and Daniel L. Bryant. (*See id.*, Ex. 1–5).  For the reasons that follow, Plaintiffs' Unopposed Motion is **GRANTED**, the settlement is **APPROVED**, and this case is **DISMISSED** with prejudice.

    **I.**    **BACKGROUND**

In this collective action, Plaintiff Kailey N. Ford brought suit on behalf of herself and others similarly situated, alleging that Defendants violated the law by improperly editing

Plaintiffs' time punches and/or failing to pay Plaintiffs for all the time worked. (*See* Doc. 1). After the Court conditionally certified the case as a collective action under 29 U.S.C. § 216(b) (Doc. 25), notices were issued to more than 1,600 of Defendant's current and former employees. (Doc. 74 at 5). Thirty-six individuals joined the case, bringing the total number of Plaintiffs to thirty-seven. (*Id.*). Plaintiff Ford also alleged on an individual basis that she was constructively discharged. (*See* Doc. 1).

## II. STANDARD OF REVIEW

Under 29 U.S.C. § 216(b), an employee can sue on her own behalf and on behalf of others. FLSA protects covered employees from labor conditions detrimental to maintaining a minimum standard of living necessary for their health, efficiency, and general well-being. *Keller v. Miri Microsys., LLC*, 781 F.3d 799, 806 (6th Cir. 2015). Public policy requires FLSA rights to remain uncompromised by settlement of disputes alleging a violation of those rights. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). However, an exception allows settlement in matters brought in federal court pursuant to 29 U.S.C. § 216(b). *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010).

The court must ensure that the parties are not using settlement to negotiate "around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Simmons v. Mathis Tire and Auto Serv.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015) (citation omitted). The existence of a bona fide dispute demonstrates that the parties have not manipulated the settlement process to permit the employer to avoid its FLSA obligations. *Crawford*, 2008 WL 4724499, at *3. Further considerations include the risk of fraud or collusion; the complexity, expense, and likely duration of the

litigation; the amount of discovery; the likelihood of success on the merits; and the public interest in settlement. *Id*. "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Id.* (quoting *Redington v. Goodyear Tire & Rubber Co*., No. 5:07CV1999, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008)). Finally, any award of attorney's fees must be reasonable. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

### III. ANALYSIS

The Court finds that the instant action represents a bona fide dispute concerning whether Plaintiffs were entitled to additional wages, whether they were timely paid minimum wage and overtime for all hours worked, and whether Plaintiff Ford was retaliated against for her complaint. (Doc. 74 at 7). The parties' divergent positions would have required judicial resolution had a settlement not been reached through many months of arms-length negotiation between competent counsel. Thus, the settlement is free from indicia of fraud and collusion.

Further, litigation of this matter would require a determination of Plaintiffs' pay, Defendants' use of time punch edits, and actions toward Plaintiff Ford. (*Id*. at 9). Given the time consuming motions process that would precede what would likely be a time-consuming trial, the complexity, expense, and duration of the litigation weigh in favor of settlement.

The parties have also engaged in sufficient discovery to resolve this case fairly. This discovery included the depositions of Defendants' corporate representative and Plaintiff Ford, as well as a review of the relevant time and pay records and independent research. (*Id*.). Thus, the parties have been afforded an adequate opportunity to value the case and weigh the risks of continued litigation.

The public interest also weighs in favor of settling this matter involving unpaid wages. To that end, Plaintiffs represent that the proposed individual settlement payments represent seventy-five percent (75%) of the potential value of their claims. (*Id*. at 11). The settlement amount is fair and reasonable, and each of the Plaintiffs has agreed to be bound. (*Id*.).

Finally, while it is difficult to assess the likelihood of success on the merits at this stage of the litigation, the Court concludes that all of the other relevant factors weigh in favor of settlement approval.

The Court also finds that the $3,000 service award to Plaintiff Ford set forth in ¶ 2.2 of the Settlement Agreement is reasonable. (*Id*. at 12). The requested fees and costs are also reasonable given counsel's skill and experience, the amount of time and resources expended, and an outcome which represents seventy-five percent (75%) of the potential value of Plaintiffs' claims. (*Id*. at 12). Thus, the Court approves an award of attorney's fees in the amount of $82,659.43 and costs in the amount of $6,947.31. (*Id*.).

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute of the claims raised in this case. The Court also finds that the service award and attorney's fees and costs are reasonable. Consequently, Plaintiffs' Unopposed Motion for Settlement Approval is **GRANTED** (Doc. 74), and this matter is **DISMISSED** with prejudice.

IT IS SO ORDERED.


Date: October 3, 2017 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE